UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Reginald Williams,

          Plaintiff,

v.

William K. Marshall, III, and E. Rardin,

          Defendants.

Case Number: 26-11065
Honorable F. Kay Behm

_____/

## OPINION AND ORDER SUMMARILY DISMISSING CASE

Plaintiff Christopher Reginald Williams has filed a pro se complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP), and currently housed at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He brings claims against BOP Director William K. Marshall, III, and FCI-Milan Warden Eric Rardin. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (*See* ECF No. 6.) For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

I.

Williams has been diagnosed with "Borderline Personality Disorder [], Antisocial Personality Disorder [], and high levels of anxiety, paranoia,

schizophrenia, and hallucinations." (ECF No. 1, PageID.2.) He also has "Major Depression Disorder, hears voices, and suffers from PTSD, which requires a daily regimen[] of several powerful psychotropic medications." *Id.* Williams' complaint alleges he has been denied treatment for his serious mental illness because he "is of African-American descent, impoverished male, and is not politically connected to the Office and Administration of the United States President." (ECF No. 1, PageID.2.)

Most of Williams' allegations concern his confinement at facilities other than FCI-Milan. He alleges that, while he was incarcerated at Yazoo Correctional Institution in Yazoo, Mississippi, he was forced to spend two years in the Special Housing Unit (SHU), which was the equivalent of solitary confinement. (*Id.* at PageID.3.) He was transferred to FCI-Atlanta, Georgia, where he spent an additional seven months in the SHU. (*Id.*) He was then transferred to FCI-Lewisburg, Pennsylvania, where he expected to receive treatment through the facility's mental health program, but he alleges that he did not receive the care and services his condition required. (*Id.*)

Sometime after May 2024, Williams was transferred to FCI-Milan, where he remains. (*Id.*) Unlike at his prior institutions, Williams states that upon arriving at FCI-Milan, the psychology department enrolled him in a mental health program. (*Id.* at PageID.4.)

Williams seeks monetary damages.

## II.

Because Williams is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997). On review, a district court must dismiss a case at any time if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if, viewing the facts in the light most favorable to plaintiff, it is clear "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## III.

Williams brings this action under both *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Because he names only federal employees as defendants, the Court construes the complaint as being filed solely under the authority of *Bivens*.

Under *Bivens*, an individual may "recover money damages for any injuries ... suffered as a result of [federal] agents' violation of" his constitutional rights."

3

*Bivens*, 403 U.S. at 397.  In a *Bivens* suit, there is no *respondeat superior* or supervisory liability. *Iqbal*, 556 U.S. at 676-677.  "Bivens is not designed to hold officers responsible for the acts of their subordinates" because its purpose "'is to deter *the officer.*'"  *Ziglar v. Abbasi*, 582 U.S. 140-41 (2017) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994)).  Accordingly, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Williams alleges no facts showing that either Defendant personally participated in the alleged denial of his constitutional rights.  Instead, he names the BOP Director and FCI-Milan Warden without describing any actions either Defendant personally took or failed to take.  Because Williams has not alleged the personal involvement of either Defendant, he fails to state a claim under *Bivens.*

IV.

For the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE**.  The Court certifies that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

Date: July 6, 2026                                  s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge

4